UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL CASE NO. 5:90-CR-00005-R
CIVIL CASE NO. 5:10-CV-00014-R

**STEPHEN ALLEN WALLACE**                                         **PLAINTIFF**

**v.**

**UNITED STATES OF AMERICA**                                     **DEFENDANT**

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff Steven Wallace's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The Government has filed a motion to dismiss (DN 67). Plaintiff has responded (DN 68) and the Government has replied (DN 70). This motion is now ripe for adjudication. For the reasons that follow, the Government's motion is GRANTED.

## BACKGROUND

According to the record before the Court, the pertinent facts are as follows. Wallace was found guilty by a jury of transporting a female juvenile in interstate commerce on November 15, 1990. On January 16, 1991, objections to the presentence report were filed on Wallace's behalf that a past charge of First Degree Burglary had been amended to Second Degree Burglary, that he should receive a two-level reduction for acceptance of responsibility, and that the application of the sexual abuse guidelines was in error. The Government also filed objections to the PSR, claiming that Wallace should receive a level-two upward departure for obstruction of justice. Judgment was eventually entered against Wallace on March 27, 1991; he was sentenced to 405 months in prison, to run consecutively with another sentence imposed by a state court. The sentence was calculated with the Government's proposed obstruction-of-justice increase and

applying his prior criminal history.  On April 3, 1991, Wallace filed his appeal.  The Sixth Circuit denied the appeals of Wallace and the Government and affirmed the district court's decision on June 19, 1992.

Wallace, *pro se*, has now filed this petition under section 2255, arguing that he has been improperly sentenced.  He claims that he was unaware of certain errors in the PSR until August of 2009, in particular, the level-two increase for obstruction of justice and the application of his past criminal history.  DN 63-2 at 3.  He further avers that he did not know the outcome of his appeal with the Sixth Circuit for years after it was decided.  Wallace says that his ignorance of these matters arose in large part because his attorney did not provide him copies of either of these documents.  For these reasons, Wallace urges that this action was timely filed.  The Government brought this motion to dismiss, arguing that Wallace is mistaken, and his action under section 2255 is time barred.

## DISCUSSION

### I. Section 2255(f)

Section 2255 provides for a one-year limitations period, which shall run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due

diligence. *See* 28 U.S.C. § 2255(f)(1)-(4).

Government correctly notes that since Wallace's conviction was finalized in 1992, before section 2255's enactment on April 24, 1996, he had until April 24, 1997, to file this action. Still, even using this later date, Wallace is over a decade too late in his motion. Wallace seeks to close that gap by claiming that this period has been tolled. He seemingly relies upon section 2255(f)(4) as the starting point for his current claim, since he avers that he did not learn of the two-level increase in his PSR until August of 2009.

"The plain language of [section 2255(f)(4)] makes clear that [plaintiffs] must show the existence of a new fact, while also demonstrating they acted with diligence to discover the new fact." *E.J.R.E. v. United States*, 453 F.3d 1094, 1097 (8th Cir. 2006). The record for this matter however indicates that Wallace did not exercise diligence in attempting to discover the alleged errors in his sentence as he claims. The Government has referred to a number of documents in the instant motion from the record. They include the judgment of the court and the unpublished opinion of the Sixth Circuit. DN 67-1 at 9. Both specifically mention Wallace's criminal history and implicitly reference the upward departure. The transcript from Wallace's sentencing hearing provides further proof that he knew of these enhancements well before August of 2009. DN 67-4; DN 67-5. There, the presiding judge specifically asked Wallace if he had reviewed his criminal record contained within the PSR, to which he answered in the affirmative. DN 67-4 at 2-10. Subsequent to that discussion, the judge stated that since he believed that Wallace had not told him the truth at trial, he was "going to award a two level increase for obstruction of justice." *Id*. at 10. He also spoke at length with Wallace and his counsel during the sentencing about his prior criminal history and the implication of the second degree burglary charge. DN 67 at 6-7.

3

The Court feels that such evidence is indicative of two important points. First, given that Johnson was present for the entirety of these statements, it is clear that he was aware of the obstruction-of-justice increase and his criminal activity calculation. From the testimony of his sentencing, it would appear that not only had he seen the PSR containing the increase, but he had also "reviewed" it. *Id*. at 6. Second, even if he was unaware of these matters that led to the increase in his sentence, such information was readily available in the record of his trial, the appeals court decision, and the transcript of his sentencing. Had Wallace exercised any degree of diligence in pursuing his claim, the Court believes he would have encountered this information. As such, the limitations period was not tolled for twelve years under section 2255(f)(4).[1]

## II. Equitable Tolling

As Wallace is incapable of satisfying the tolling provisions of section 2255(f)(4), he must look to the rules of equitable tolling. Because section 2255's one-year statute of limitations is not jurisdictional, it may be tolled equitably. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). "'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). "Absent compelling equitable considerations, a court should not extend limitations by even a single day."

---

[1] Wallace cites at least two cases that ostensibly support his position, *Easterwood v. Champion*, 213 F.3d 1321 (10th Cir. 2000) and *Johnson v. United States*, 544 U.S. 295 (2005). After review, the Court finds both to be unrelated to the matter at hand as well as unpersuasive. For this reason, they are not examined further.

4

*Graham-Humphreys*, 209 F.3d at 561. In determining the appropriateness of equitable tolling, the Sixth Circuit has discussed five factors for a court to consider:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001) (citation omitted). "The petitioner bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

Simply stated, Wallace has not carried his burden. He provides no legitimate reason why he did not abide by the filing requirement and has failed to demonstrate any of the hallmarks of a diligent investigation into these legal matters. *See Kelly v. United States*, No. 1:09CV-P27-R, 2009 WL 2747838, at *1-2 (W.D. Ky. Aug. 26, 2009) (finding that even though the prisoner had requested docket sheets and transcripts of trial, he had failed to be diligent in the pursuit of his claims under section 2255). Moreover, while Wallace blames the tardiness of this filing on the ineptitude of his previous counsel, the Sixth Circuit has consistently recognized that ignorance of the law does not excuse prompt filing. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999) (explaining in a direct criminal appeal case that "[t]o allow an ignorance of the law excuse would encourage and reward indifference to the law"); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (concluding "that, while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . ., there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer"). Finally, in denying his request, the

Court is most persuaded by the indication that Wallace was aware as early as his sentencing date of the obstruction-of-justice increase and that the judge employed his past criminal record in calculating his sentence. With knowledge extending so far back, it cannot be said that it was reasonable to remain ignorant of the legal requirement for filing his claim or the circumstances surrounding it. *See Dunlap*, 250 F.3d at 1008.

### III. Certificate of Appealability

Before Wallace may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). When a district court denies a section 2255 motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. When a plain procedural bar is present and the court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further. *Id*. In such a case, no appeal is warranted. *Id*.

The Court is satisfied in the instant case that no jurists of reason could find its procedural ruling to be debatable. Thus, a certificate of appealability will be denied.

### CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff has failed to demonstrate

that his section 2255 motion is timely under the applicable statute and failed to allege facts warranting equitable tolling.  As such, Defendant's Motion to dismiss (DN 67) is GRANTED.

An appropriate order shall issue.